THE CITY OF JANESVILLE, Plaintiff in Error.

*vs.*

MARTIN DEWEY, Defendant in Error.

ERROR TO THE COUNTY COURT OF ROCK COUNTY.

An ordinance by law or regulation, passed by the city of Janesville, and signed by the Mayor, and twenty days after its passage published in the official paper, and the foreman or publisher of said paper at any time within fifteen days after the said publication, making proof by affidavit of such publication, is a compliance with the charter; and the clerk is authorized to record the ordinance by law or regulation so passed and published, and the same will be valid.

The resolution of the Common Council of the city of Janesville, adopted Oct. 15, 1853, and approved by the Mayor, which empowers the marshal to provide a city pound, was a sufficient exercise of the power vested in the Common Council, by the second section of ordinance No. 7, passed May 2, 1853,

The material facts of this case are sufficiently stated in the opinion of the court.

*J. A. Sleeper & S. A. Hudson,* for plaintiff in error.

*G. B. Ely,* for defendant in error.

*By the Court,* CRAWFORD, J. The city of Janesville, as plaintiff in an action of trespass, *quare clausum fregit,* before a justice of the peace of Rock county, recovered a judgment against Martin Dewey for $1,75 and costs of suit. The trespass consisted in breaking open the city pound and taking therefrom a hog, the property of Dewey, which had been impounded in virtue of an ordinance of the city of Janesville prohibiting the running at large of swine in the city. The case was removed by writ of certiorari to the County Court of Rock county, where

JUNE TERM
1854.

City of
Janesville
vs.
Dewey.

the judgment was reversed, on the ground that the ordinance aforesaid was inoperative, not having been published within the time, and in the manner prescribed by section four of chapter four, of the charter of the city of Janesville.

In this decision we think the County Court erred. The ordinance in question was passed and adopted by the Mayor and common council of Janesville on the 2d day of May, 1852, and was published for one week in the official newspaper of the city of Janesville, which publication commenced on the 18th day of May, 1853. The provisions of the city charter concerning the publication of the laws, ordinances, resolutions, &c., of the city, are as follows: "All laws, ordinances, regulations, resolutions and by-laws shall be passed by an affirmative vote of a majority of the common council, and shall be signed by the mayor, and shall be published in the official paper or papers of said city, before the same shall be in force, and within fifteen days thereafter they shall be recorded by the city clerk in books to be provided for that purpose, but before any of the said laws, ordinances, regulations or by-laws shall be recorded, the pulication thereof respectively, within the said time, shall be proved by the affidavit of the foreman or publisher of such newspaper, and said affidavit shall be recorded therewith, and at all times shall be deemed and taken as sufficient evidence of the time and manner of such publication." (*Vide General Laws of 1853, p. 215, Ch. 93, title 4, § 4.*)

The plain signification of these provisions is, that when an ordinance or law of the city shall have been passed by a majority of the common council and signed by the mayor, it shall not take effect, or be in

force until it shall have been published in the official
paper or papers of the city. This being done, *at any*
*time within fifteen days thereafter*, that is to say, after
the publication of the ordinance or law, the city clerk
shall record it in the book provided for such pur-
pose, but before the clerk is at liberty to record the
law or ordinance, its publication, "*within the said
time*," that is, within fifteen days preceding the time
of filing the affidavit of the foreman or publisher,
shall be proved by such affidavit. This, we think a
reasonable interpretation of the portion of the sec-
tion under consideration, and entirely consistent with
the language used. If the intention had been to fix
the period of fifteen days succeeding the passing of an
ordinance as the time within which it should be pub-
lished, the law-maker could have easily expressed
such intention by inserting after the word "mayor,"
in the section, the words "and within fifteen days
thereafter shall be published," &c., but no such use
of these limiting words is to be discovered ; on the
contrary they are used unequivocally to prescribe the
time within which the recording shall take place; "and
within fifteen days thereafter they shall be recorded
by the city clerk"—and it is observable that in these
words nothing is necessary to complete the idea
to be communicated. The portion of the section
above recited might very properly be divided, by
concluding a sentence immediately after the words
" before the same shall be in force," because the sen-
tence so concluded would be in itself complete. The
remainder of the portion of the section recited would
then relate entirely to the duty of the publisher in
making an affidavit of the publication within fifteen
days after it had taken place, and to the duty of the

June Term
1854.

City of
Janesville
vs.
Dewey.

clerk in recording the ordinance, law, &c., provided proof by affidavit, that the same had been published in the official paper within fifteen days, were made. Our construction of the law may be expressed thus— an ordinance, by-law or regulation is passed by the common council and signed by the mayor, and twenty days after its passage, it is published in the official paper, the foreman or publisher of which paper, at any time within fifteen days after the publication, makes proof by affidavit, of such publication—this is a compliance with the law, and the clerk is authorized to record the ordinance, by-law or regulation so passed and published.

The resolution of the common council approved by the mayor, and adopted Oct. 15, 1853, which empowered the marshal to provide a city pound, was a sufficient exercise of the power vested in the common council by the second section of ordinance number seven, passed May 2, 1853, and if McCloon, the city marshal, in pursuance of the resolution, provided a suitable pound " on the west side of the river," it was a complance with the ordinance.

In reversing the judgment of the justice, the County Court committed an error. The judgment of the County Court is reversed, and the judgment rendered by the justice of the peace is affirmed.