## DANIEL CARR

*v.*

## JOHN WELCH, Executor, etc.

1.   PROMISSORY NOTE—*memorandum thereon—alteration.*   Where a promissory note, written in *black ink,* and payable six months after date, without interest, had written in its right-hand corner, in *red ink,* the words: "ten per cent. after due:" *Held,* that there being no proof in regard to these words, they were designed to be a mere memorandum, and not a part of the note, and constituted no material alteration of it.

2.   It is immaterial whether a memorandum is placed upon the face or back of a note, if done in such mode as to deceive or injure no one, and which shows that no fraud could have been intended.

3.   FORMER DECISIONS.   The case of *Knoles* v. *Hill,* 25 Ill. 288, cited in point.

APPEAL from the Circuit Court of LaSalle county ; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts are stated in the opinion.

Messrs. BUSHNELL & AVERY, for the appellant.

Messrs. CRAWFORD & BECK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on a promissory note brought by John
Welch, as executor of Thomas Welch, against Daniel Carr.
The only question is, whether the note has been altered in such
mode as to render it void.   A copy of the note, intended, we
presume, to be as nearly as possible a *fac simile*, is sent up to
us in the record.   By that, it appears that, at the right hand
lower corner of the note, are written, in red ink, the words,
"ten per cent. after due.".  The note is in black ink, and is paya-
ble in six months from date, without interest.  No evidence
was offered on either side in regard to these words.   It is
urged by the appellant that they are a material alteration of
the note, intended to charge the maker with interest at the rate
of ten per cent. after the maturity of the note.   But the man-
ner in which the words are added to the note is wholly incon-
sistent with the hypothesis that they were placed there with
the fraudulent intent of making them a part of the note.
They are not incorporated into the body of the instrument, but
quite apart from it, the first two words being upon one line,
and the last two on the line below.   This circumstance, and
the still more convincing fact that the words are in red ink, show
clearly that they were designed by the deceased holder of the
note as a mere memorandum for his own guidance, very prob-
ably having reference to some verbal understanding between
himself and the maker.   A memorandum may as properly be
placed on the face as the back of the note, if done in such
mode as to deceive or injure no one, and to show at a glance
that no fraud can have been intended.   That is the case here.
See *Knoles* v. *Hill*, 25 Ill. 288, which is an authority quite in
point.

*Judgment affirmed.*