## M. T. Paterson v. F. A. Higgins.

1. CHATTEL MORTGAGES—*For Purchase Money.*—Section 24, Ch. 95, R. S., entitled "Mortgages," providing that no chattel mortgage executed by a married man or woman on household goods, shall be valid unless joined in by the husband or wife, has no application to a mortgage to secure the purchase money of the goods upon which it is given.

2. ALTERATION OF INSTRUMENTS—*Without the Knowledge of the Owner.*—An alteration of a promissory note, made without the knowledge of the holder, does not destroy its validity.

**Bill to Foreclose a Chattel Mortgage.**—Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in that court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

BRIEF OF PLAINTIFF IN ERROR, EDGAR BRONSON TOLMAN, ATTORNEY.

No chattel mortgage executed by a married man on household goods shall be valid unless joined in by the husband or wife, as the case may be. R. S. Ill., Chap. 95, Sec. 24.

Paterson v. Higgins.

This section has been decided to be constitutional in Gaines v. Williams, 146 Ill. 450, and also to apply to household property which constituted the furnishings of a hotel. Gaines v. Williams, *supra*.

On the general question of the constitutionality of this section as affected by section 13, article 4, Constitution, see O'Leary v. Cook County, 28 Ill. 534; Dennehy v. City, 120 Ill. 638; Larned v. Tiernan, 110 Ill. 177; Blake v. People, 109 Ill. 504; People v. Brislin, 80 Ill. 433; Town of Abington v. Cabeen, 106 Ill. 200; Unity v. Burrage, 103 U. S. 447.

Any material alteration of a note, made by the holder without the maker's consent, destroys the identity of the note and avoids it. If the alteration be with a fraudulent intent, it avoids the note and also cancels the indebtedness. Wyman v. Yeomans, 84 Ill. 403; Burnell v. Orr, 84 Ill. 465; Pallman v. Taylor, 75 Ill. 634; Benedict v. Miner, 58 Ill. 19; Gardner v. Harback, 21 Ill. 129; Walton Plow Co. v. Campbell, 52 N. W. Rep. 883; 35 Neb. 173; Taylor v. Moore, 20 S. W. Rep. 53 (Texas); Vigle v. Ripper, 34 Ill. 110; First National Bank of Springfield v. Ryan, 31 Ill. App. 271; Elliott v. Blair, 47 Ill. 342; Wallace v. Wallace, 8 Ill. App. 69–72.

Such material and fraudulent alteration of a note also bars the foreclosure of mortgages given to secure it. Walton Plow Co. v. Campbell, 52 N. W. Rep. 884.

A fraudulent intent is conclusively presumed when the effect of the alteration is to increase the liability or burden of the maker. Black v. Bowman, 15 Ill. App. 166; Warder, Bushnell & Glessner Co. v. Willyard, 49 N. W. Rep. 300; Russell v. Reed, 36 Minn. 376.

BRIEF OF DEFENDANT IN ERROR, H. L. WILLIAMS, ATTORNEY.

Where the alteration is made by a stranger and with no fraudulent purpose or intent, it will not render the instrument void. Condict v. Flower, 106 Ill. 105; Bledsoe v. Graves, *ante;* Rose Clare Lead Company v. Madden, 54 Ill. 260.

Where a salesman, who has no general authority to make settlements or take notes, or collect on account, is directed

by his employer to take the note of such debtors for the amount of their account, a material alteration in the note by him, before he delivers it to his employers, without their knowledge and not ratified by them, is the act of a stranger, and the note is enforcible against the maker in its original form. An agent who transacts the business of the principal is not clothed with the authority to destroy the property of the principal, or to violate a rule of public policy. Kingan v. Silvers, 37 N. E. Rep. 413; Nickerson v. Sweat, 135 Mass. 514; Gleason v. Hamilton, 138 N. Y. 353; Hunt v. Gray, 35 N. J. Law, 227; Yaeger v. Musgrave, 28 W. Va. 90; Bigelow v. Stilphen, 28 Vt. 531.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The plaintiff in error purchased the household goods contained in a boarding house, paying $1,100 down and giving her notes for $1,200, secured by a chattel mortgage upon the property sold to her; she being at the time a married woman living separate and apart from her husband.

Two of the notes she paid as they respectively matured; default having been made in the payment of another, a bill to foreclose the mortgage was brought by the vendor and holder of the notes, Mrs. Higgins.

The defense made to this bill was, first, that the chattel mortgage was invalid because of the statute, section 24, chapter 95, which reads as follows: " No chattel mortgage executed by a married man or woman on household goods shall be valid unless joined in by the husband or wife, as the case may be."

This statute has no application to such a case as the present. The purchase, by sale to the mortgagor, and the giving of a chattel mortgage thereon by her, was one transaction. Only by virtue of the sale and mortgage did the goods become the property of the mortgagor. Plaintiff in error can not claim the benefit of the preceding arrangement by which she obtained the goods, and in the same breath repudiate the mortgage, without the giving of which she would never have had any title to this property.

The rule in respect to purchase money mortgages upon real estate is applicable here. Such mortgages being simultaneous with the deed of purchase take precedence over dower and homestead rights as well as over judgments then existing against the mortgagor. Jones on Mortgages, Sec. 464.

The other defense set up against the bill was that the notes had been changed after their execution so as to make them draw seven instead of six per cent interest. Whether such change was made before or after the execution of the notes, is in dispute; it is, however, manifest, as the court found, that the change was made without the procurement or knowledge of the mortgagee, the holder of the notes.

There was not only no evidence of any fraudulent intent in making the change, but all presumption of fraud is removed by the testimony, which shows that, as before stated, the holder of the notes had neither part nor lot in such change. The court below allowed interest only at the rate of six per cent per annum, which was in accordance with the testimony of the plaintiff in error. Counsel for plaintiff in error argue that the alteration having been made by the agent of the complainant, it must be presumed to have been done by her; citing the maxim " *Qui facit per alium facit per se.*"

We do not think that it is to be presumed, in the face of the evidence to the contrary, that the party who made this change was authorized so to do by the defendant. Certainly there can be no presumption that an agent is authorized to make a fraudulent alteration of commercial paper. Nor is it entirely clear that in drawing up the notes and mortgages the party who was employed merely to negotiate a sale, was acting as an agent of the defendant in error. It was the business of the mortgagor to prepare the notes and mortgage she was to give; the work of preparing such mortgage would seem to have been done for the plaintiff in error rather than the defendant.

The alteration, according to the testimony of plaintiff and defendant in error, was made without authority or knowledge of either.

It would seem that the complainant understood that the agreement was to give notes drawing interest at seven per cent, and when she received such, had no reason for thinking that they were not as executed. The decree was not rendered until long after all the notes had become due, and therefore properly included all of the paper given.

We find no sufficient reason for interfering with the decree of the Superior Court and it is affirmed.