## Charles L. Brewster v. Peter Schoenhofen Brewing Co.

1. REPLEVIN—*Priority of Liens.*—A vendor of personal property, before its delivery, took from the vendee a mortgage to secure the payment of the purchase money. A constable holding an execution against the vendee, which he had received prior to the sale of the property, made a levy upon it. *Held,* that replevin would lie by the vendor as mortgagee for the recovery of the property.

2. ESTOPPEL—*Must be Mutual.*—An estoppel affects only the parties to the transaction out of which it arises, and must be mutual.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

### STATEMENT OF THE CASE.

An action of replevin was brought by appellee against appellant to recover certain personal property, consisting of saloon fixtures, which, at the time of the execution of the replevin writ, were in the possession of the appellant as a constable, under a certain justice execution, issued on May 19, 1893, from a justice court, against one William Radtke, for $137.07, which execution was on that day delivered to appellant as such constable to execute. On May 26, 1893, a demand was made under the execution, and on June 14th a levy thereunder was made upon the goods described in the declaration. On June 15, 1893, the appellee demanded possession of said goods of appellant, and, appellee refusing to deliver the same, the before mentioned action was begun, and the property taken from the possession of the constable.

At the time of the entry of said judgment against said

Radtke, on May 19, 1893, and the suing out of the said execution thereon, the goods described in the declaration herein, were the property of and in the possession of the plaintiff; on May 24, 1893, the plaintiff agreed to sell the chattels mentioned in the declaration herein, among others, to said Radtke, on condition that said Radtke should, before said sale should be completed, before said delivery of possession of said chattels, give the plaintiff a note and chattel mortgage for the sum of $1,163 upon said goods, among others to secure the purchase price thereof; said Radtke assented to said terms, and, in pursuance of said agreement, on said May 24, 1893, made, acknowledged and delivered to the plaintiff herein, a chattel mortgage upon the said goods to secure a note for the sum of $1,163, and executed and delivered to the plaintiff a note secured thereby for the same amount, due October 7, 1894, the same being for the purchase price of said chattels; at 8:30 o'clock A. M. on May 25, 1893, said chattel mortgage was filed for record in the recorder's office of Cook county, Illinois, and duly recorded in book 4412 of records, on page 224, and thereafter, about 10 o'clock A. M. on the 25th day of May, 1893, and not before, the possession of the chattels described therein, among which were the goods described in the declaration herein, was delivered to said Radtke.

Said chattel mortgage was acknowledged before a justice of the peace of the town in which said William Radtke, mortgagor, at the time resided, viz., West Chicago, Cook county, Illinois, and the note secured thereby was wholly unpaid at the time of the beginning of this suit.

Moses, Pam & Kennedy, attorneys for appellant.

Lackner & Butz, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant insists that the plaintiff was estopped from offering evidence of the terms of the sale to Radtke, or that at

the time of the execution of the mortgage the possession of the property was in appellee, because such evidence, it is alleged, was in contradiction of the recitals in the mortgage. In support of its contention, appellant cites Schultz v. Plankinton Bank, 141 Ill. 116. That case was between a mortgagee and one in privity therewith, claiming thereunder. As such privy and claimant, Schultz was not allowed to contradict the terms of the written instrument under which he sought to defend. In the present case, appellee is a party to the mortgage, while appellant is neither party nor privy thereto. Appellant is not estopped by anything in the mortgage, and therefore in a suit with him, appellee is not; estoppels are mutual. Bigelow on Estoppel, 334; 1 Greenleaf on Ev., 13th Ed., Secs. 211–379.

But for the transaction resulting in the mortgage, Radtke would not have had the property which is the subject of the present controversy, and, consequently, appellant's execution would not have been levied thereon.

Only by reason of the one transaction, sale and mortgage, was appellant's execution made a lien at all; by reason of the sale and mortgage the execution became a lien subject to that of the mortgage. Paterson v. Higgins, 58 Ill. App. 268; Curtis v. Root, 23 Ill. 53–58; Van Duzor v. Allen, 90 Ill. 499; Blatchford v. Boyden, 122 Ill. 657.

The judgment of the Circuit Court is affirmed.