## H. G. Clark v. William F. Woodruff.

1. CHATTEL MORTGAGES—*Are Not Prior Liens When Given for Purchase Money.*—The rule that a mortgage given for purchase money takes precedence of all prior liens against the mortgagor applies only to purchase money mortgages upon real estate and not to mortgages upon personal property, although given to secure the payment of the purchase money.

**Trial of the Right of Property.**—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

B. A. KNIGHT, attorney for appellant.

C. W. FERGUSON, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The sheriff of Winnebago county, holding an execution in favor of William F. Woodruff against B. A. Knight, levied the same upon certain law books and office furniture as the property of Knight. H. G. Clark served notice upon the sheriff that he was the owner of said property. A trial of the right of property was had in the County Court, resulting in a verdict and a judgment against the claimant. Clark appealed to the Circuit Court. A trial was there had, and at the close of plaintiff's evidence, by direction of the court a verdict was rendered finding the property was not the property of Clark. A motion by Clark for a new trial was denied, and judgment entered against him for costs, and he appeals.

In 1896 Knight owned this property and it was then in his office and in his use and possession as a practicing lawyer, and it has ever since remained in his office and use till levied upon by the sheriff under the execution in favor of Woodruff on December 5, 1900. On November 16, 1896, Knight executed a chattel mortgage to Clark upon this property to secure a note for $800. This mortgage and note were by Clark assigned to C. H. Faulkner as collateral security for another debt. Afterward they were assigned by C. H. Faulkner to Mary J. Faulkner. On November 16, 1898, this mortgage was renewed and the note extended for two years. It matured again November 16, 1900. On that day the parties to the mortgage met in Knight's office, and as a foreclosure of the mortgage Mary J. Faulkner, acting by C. H. Faulkner, executed a bill of sale of the property to Clark. Clark then executed a bill of sale of the property to Knight, and Knight, in payment therefor, executed a note to Clark for $992, due two years after date, and prepared and executed a chattel mortgage upon said property to secure said note. Knight took the chattel mortgage to a justice of the peace and there acknowledged it and caused it to be entered upon his docket, and then took it to the

recorder's office and filed it for record. All this was done on November 16, 1900. The execution in favor of Woodruff against Knight was for the sum of $618.71, and was issued out of the Circuit Court and received by the sheriff on October 23, 1900, and was in his hands during all said transactions of November 16, 1900; and on December 5, 1900, he levied upon the property in question thereunder.

Appellant in his opening brief states that the only question presented to this court is this: "At the time of the levy in question was the lien of the execution in question a prior lien as against the lien of the purchase money mortgage in question." Appellant relies chiefly upon the proposition that a mortgage given for purchase money takes precedence of all prior liens against the mortgagor. That is true as to purchase money mortgages upon real estate. That this rule does not apply to mortgages upon personal chattels given to secure their purchase price is clearly shown in Blatchford v. Boyden, 122 Ill. 657, and we deem it unnecessary to repeat the reasoning there expressed. Clark testified he delivered the bill of sale to Knight at two o'clock P. M. The mortgage was recorded at forty minutes after three o'clock P. M. During that interim Knight had title and Clark did not have a chattel mortgage lien. The execution in the hands of the sheriff was a lien on said property during that period, and before the mortgage became a lien. Some attempt was made to show that Clark placed the bill of sale in the hands of Knight's stenographer in the office and told her to keep it till the transaction was completed and that she locked it up in her box in Knight's safe, this safe being itself covered by the bill of sale and mortgage; and also that because Clark remained in the office till Knight returned and announced that the mortgage was recorded, therefore he was during that time in possession of the property, and therefore had possession till his mortgage lien attached. These positions are untenable. If the bill of sale was delivered to Knight before he left the office he then became the owner, and the lien of the execution then attached. If it was not delivered to him till after he

returned from acknowledging and recording the mortgage, then he had no title to the property when the mortgage was given and recorded, and the mortgage created no lien upon them as against an execution creditor. (Hunt v. Bullock, 23 Ill. 320; Titus v. Mabee, 25 Ill. 257; Webster v. Nichols, 104 Ill. 160, 177.) Clark does not testify that he even claimed to be in possession of the property while he sat in the office. If he had so testified, still it is clear from the proofs he never had possession. Moreover, the mortgage recites that Knight "is lawfully possessed of the said goods and chattels as of his own property;" and Clark is estopped to deny the truth of that statement. (Second National Bank v. Gilbert, 174 Ill. 485, 493.) Some effort was made to show that Faulkner told Knight's stenographer to consider herself in possession of the property in the forenoon of that day, and that her possession continued till after the mortgage was recorded. The proof on this subject was wholly insufficient to show any such possession; and if it were otherwise sufficient, a mental possession by Knight's clerk in Knight's office, set up as the possession of a third party, is not such an open and visible change of possession as to bind a creditor of Knight. (Second National Bank v. Gilbert, *supra*, and cases there cited.) No act of any kind was done depriving Knight of his customary possession. We are of opinion the necessary conclusion from the proof was that the execution became a lien upon the property before Clark acquired a mortgage lien. The court therefore properly instructed the jury to find for defendant. The judgment is therefore affirmed.