### William Lanum, Appellant, v. W. D. Patterson et al., Appellees.

1. ATTORNEY AND CLIENT—*what not within authority of former.* An attorney employed to enter judgment upon a judgment note has no authority to alter the same and an alteration by him does not bind his client unless authorized or ratified by such client.

2. ALTERATION OF INSTRUMENTS—*when altered instrument not void.* A material alteration of a judgment note by the attorney of the plaintiff made without authority, is a mere spoliation but does not render the note void; the same remains enforceable according to its original provisions.

Judgment by confession. Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

WALTER EDEN and EDEN & MARTIN, for appellant.

E. J. MILLER and HARBAUGH & THOMPSON, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

On March 4, 1907, William Lanum obtained a judgment by confession in vacation of the Circuit Court of Moultrie county against W. D. Patterson, Leona Patterson and E. P. Woodruff, upon a note for the principal sum of $3,000, accompanied by a warrant of attorney. On the 21st day of March, 1907, and during the March term, 1907, of said court, on motion of Patterson et al., the judgment confessed was set aside and leave given to plead. Issues were closed upon pleas denying under oath the making of the note involved

and denying joint liability and such issues submitted to a jury who returned a verdict in favor of appellees. There was a judgment upon the verdict against Lanum and he appealed.

On January 29, 1907, Lanum loaned Patterson the sum of $3,000 and took his note for that sum with a warrant of attorney to confess a judgment thereon with Leona Patterson and E. P. Woodruff as sureties, due in one year from its date, with interest at seven per cent. The note and warrant of attorney were drawn and prepared by George A. Sentel, an attorney of Moultrie county. It was claimed by appellees and so testified by them, that when the note and warrant of attorney were signed by them there was a provision in the warrant of attorney for $25 attorney's fees, in case judgment was entered thereon.

Patterson testified that when he delivered the note in Sentel's office no change had been made in the amount of attorney's fees, while Lanum testified that when he received the note from Sentel the amount of attorney's fees had been increased to $100 by erasing the printed words "twenty-five" and writing with a pen the words "one hundred" in their stead. Sentel did not testify. Patterson testified further that when he, after he had secured the signatures of Leona D. Patterson and E. P. Woodruff to the note, returned the same to Sentel's office, Lanum and Sentel who were together in Sentel's office, requested him, Patterson, to leave the room for a short time, that he did so and remained away for several minutes; that he returned and concluded the transaction; that the note and warrant of attorney were thus in the hands of Sentel and Lanum in his, Patterson's absence, for a short time after he gave it to Sentel and before the transaction was fully consummated and the note delivered to Lanum.

On March 4, 1907, at the suggestion of Woodruff, Lanum gave the note to Sentel to enter judgment thereon, and Sentel prepared the necessary papers and

entered a judgment by confession against the signers, when it developed that the attorney's fees in the warrant of attorney had been increased from $100, as it is claimed by Lanum they stood when he received the note from Sentel, to $400. Lanum further testified that when he gave the note to Sentel to enter judgment thereon it was in the identical shape in every respect in which he received it, and that he knew nothing of any change from $100 to $400 until after the judgment had been entered, and never gave any consent to the alteration of said note.

As to the change from $100 to $400 the evidence would seem to show that the change was made while the note was in Sentel's control after he received the note from Lanum and before he entered judgment thereon, and without Lanum's knowledge or consent.

Under such circumstances there were two distinct issues presented for determination:

First. Was the alteration made from $25 to $100 in Sentel's office as claimed by Patterson, when it is alleged by him that Lanum and Sentel were together and had the note in their possession, when Patterson was requested to leave the room and did so, after Patterson had delivered the note to Sentel, but before the deal was fully closed and the note delivered to Lanum. If it was, then, as Lanum was present and would be presumed to have known of the same, the alteration was both material and fraudulent, and one that rendered the note and warrant of attorney void. If it was possible to determine from this record that it was upon this issue alone the jury returned the verdict for appellees, it could be argued that the issue was one of fact only, and that the verdict should not be disturbed, but such cannot be done.

Second. Was the change from $100 to $400 made by Sentel while the note was in his hands for the purpose of entering judgment thereon without Lanum's knowledge or consent, and when he, Sentel, had no authority in the premises, except that implied by reason of his

employment as an attorney to procure judgment, such an alteration as will, of itself, render the note void, or was it a spoliation merely.

In Tiedeman on Commercial Paper, sec. 392, the author says: "In the United States the rule prevails that a spoliation has no effect upon the liability of the parties to the instrument so long as the original words remain legible and free from doubt."

In 2 Am. & Eng. Enc. Law, 2nd ed. 214, it is said: "The decisions in the United States are unanimous in declaring the law to be that a material alteration of an instrument by a stranger to the contract without the privity of the grantee or obligee, is merely a spoliation and even though made without the consent of the party bound by the writing, does not prevent a recovery on the instrument as it read before the alteration, provided only its original tenor can be clearly shown."

In a note (B) to Burgess v. Blake, (Ala.) 86 Amer. State Rep. 78, the writer says: "We think the rule as indicated by reason and authority is that an alteration of a written instrument by a stranger, without authority, does not render such an instrument void." "An alteration by a stranger is not, strictly speaking, an alteration at all, but merely a spoliation."

In Camp v. Shaw, 52 Ill. App. 249, the court say: "Alterations in a will or other instrument, if made by a stranger to it, are but spoliations and do not operate to avoid the will or instrument mutilated or defaced."

In Kingan & Co. v. Silvers, (Ind.) 37 N. E. Rep. 414, the court say: "The rule that now prevails as we gather it from the decided cases is: 'That the alteration of a note or written instrument in a material matter by a stranger is but a spoliation and does not destroy it and a recovery may be had upon it in its original condition.' "

In Bledsoe v. Graves, 4 Scam. 383, where an indorsement upon a promissory note was altered, the court held that as the erasure was by a third person, without

the knowledge of the plaintiff, it could affect the rights of neither party any more than if it had been occasioned by accident.

Clark in his work on Contracts, sec. 284, says: "An alteration by a stranger, without the knowledge or consent of the parties, is a mere spoliation and does not discharge the contract."

Sentel could do no act that would bind Lanum except within the scope of his authority. In this respect, in the absence of authority, to do or act for Lanum, his position was that of a mere stranger to the note. 2 Amer. & Eng. Enc. Law, 2nd ed. 217. The powers of an attorney are to be determined in a large measure from the purpose and objects of his employment; he has an implied authority to do anything necessarily incidental to the discharge of the purpose for which he was retained, but beyond this his powers cease. 3 Amer. & Eng. Enc. Law, 2nd ed. 345.

In a note on pages 104 and 105 of Burgess v. Blake, 86 Amer. State Rep., the author says: "Perhaps the only rule of any general application here possible is that the law will not ordinarily imply an authority from the holder of an instrument, making another an agent for the purpose of altering such instrument," and "This is in accordance with the rule of law that fraud will never be presumed, and this rule is, in the cases of alterations of writing, reinforced by the fact that such act constitutes in most cases not merely a fraud but a crime as well."

In Patterson v. Higgins, 58 Ill. App. 268-271, in a case where it was claimed that notes had been changed after their execution so as to make them draw seven instead of six per cent. interest, the court, after finding that the change was not made by the holder of the note or with his knowledge, says: "Certainly there can be no presumption that an agent is authorized to make a fraudulent alteration of commercial paper."

In Hunt v. Gray, (N. J.) 10 Amer. Rep. 232-236, the plaintiff employed John T. Hunt to sell a horse for

him; in that transaction Hunt took a note upon sale of the horse, which he showed to plaintiff, and then took it to a bank to have it discounted, where, to induce the bank to purchase it, he made an alteration in it, which was admitted to be material. The court found that from the circumstances an authority to alter the note could not be inferred, and said: "It was not an act that properly appertained to the transaction to which the agency related. It could not have been within the contemplation of either the principal or the agent, at the time of the creation of the agency. Consequently the act must be regarded as though done by a stranger without the concurrence express or implied of the plaintiff."

In White Sewing Machine Co. v. Dakin, 86 Mich. 581, it was held that an alteration made in a bond, after its execution, by an agent of the obligee, without authority, would not operate to invalidate the bond, but was an act of spoliation only.

Under the evidence and authorities we are of the opinion that the change from $100 to $400 was a spoliation and that it does not of itself render the note void. Sentel was employed by Lanum to enter judgment by confession upon the note and warrant of attorney and his employment for that purpose alone, and without its being shown that Lanum was a party to such change, cannot be held to give to the attorney any authority to destroy the character of the instrument as a note, by altering it.

Appellees in their argument seem to rest their case, so far as it relates to the alteration from $100 to $400, upon the theory that as Lanum voluntarily delivered the note to Sentel for the purpose of placing it in judgment, the act of Sentel was the act of Lanum. This theory is erroneous under the authorities. An attorney who receives a note merely to obtain judgment thereon has no authority by implication from his client to make any alteration therein.

In this view of the case the trial court was in error

in refusing to give for Lanum any instructions which state the law as above outlined. Two instructions were tendered by appellant which the court refused to give, that read as follows:

"The court instructs the jury that if you believe from the evidence that Lanum's attorneys employed by and who brought the suit and took judgment on the note altered the note, without the knowledge or consent of Lanum, and without being authorized by him to make the alteration, such alteration would not relieve the defendants from liability on the note for the amount included therein when the note was executed."

"The court instructs the jury that if you believe from the evidence that the defendants executed the note offered in evidence, with an attorney fee of $100 in the warrant of attorney, and that if some person, not the plaintiff, changed the amount of the attorney's fee in the warrant to $400 without the knowledge or consent of the plaintiff, your verdict should be for the plaintiff for the amount of the note and interest."

These instructions, in substance, stated a correct principle of law, which should have been given in some form. No other instruction was given which correctly stated the law upon this subject, and the refusal to so instruct the jury was reversible error.

Appellees' eighth instruction told the jury that if Lanum employed Sentel to procure judgment upon the note and power of attorney and delivered the note to him for that purpose, and while the note was rightfully in the possession and control of Sentel, alterations were made therein, and the attorney's fees changed and that Sentel had knowledge of such change before the note was placed in judgment, then such knowledge upon the part of Sentel would be knowledge upon the part of Lanum; but this would not be knowledge imputed in law to Lanum if Sentel or some other person fraudulently or accidentally made such change without the knowledge or consent of Lanum. This instruction was erroneous. It either told the jury that Sentel's knowledge was Lanum's knowledge,

without regard to whether or not Sentel was acting within the scope of his authority, or with Lanum's consent, or else it was in itself inconsistent and contradictory, and could not have failed to confuse and mislead the jury.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*