William Lanum, Appellee, v. W. D. Patterson et al., Appellants.

1. ATTORNEY AND CLIENT—*character of privileged communications.*
Communications between an attorney and his client are privileged,
but the privilege is that of the client and not of the attorney. If
the client waives the privilege then the attorney is bound to
answer.

2. ATTORNEY AND CLIENT—*what not privileged communications.*
The rule which makes communications between attorney and client
privileged is not one which will enable them to act together to
perpetrate a fraud. When an attorney and his client both engage
in committing a wrongful act, the client cannot prevent a dis-
closure by the attorney on the ground that the latter became ac-
quainted with the facts connected with it as his legal adviser,
but the attorney may be required to disclose whatever act was
done in his presence towards the perpetration of the fraud.

3. INSTRUCTIONS—*must not give undue prominence to particular
evidence.* An instruction is erroneous which singles out and gives
undue prominence to certain evidence introduced by one of the
parties.

4. APPEALS AND ERRORS—*what cannot be assigned as error.* A
party on appeal cannot urge alleged errors which concern some other
party not complaining thereof.

*Assumpsit.* Appeal from the Circuit Court of Moultrie county;
the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court
at the May term, 1909. Reversed and remanded. Opinion filed
October 25, 1909.

E. J. MILLER, for appellants.

EDEN & MARTIN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

The facts necessary to an understanding of the
issues involved in this case are set forth in the opinion
of this court on a former appeal. Lanum v. Patterson,
143 Ill. App. 244. Upon the second trial of the case
there was a verdict and judgment against the defend-
ants, makers of the note in question, for $3266, from

which judgment W. D. Patterson and Leona D. Patterson, the principal makers of the note, prosecute this appeal.

The principal defense interposed by the defendants relates to the alleged change in the amount of attorney's fee from $100 to $400 in the warrant to confess judgment, which change it is claimed by the defendants was made with the knowledge and consent of the plaintiff in pursuance of an agreement between the plaintiff and his attorney, George A. Sentel, whereby the attorney's fee of $400, as was provided by the warrant in its alleged altered form, was to be divided between the plaintiff and his said attorney.

George A. Sentel, who acted as attorney for plaintiff when the judgment by confession was entered upon the note, which judgment was subsequently opened up, was not a witness upon the former trial of the case, but upon the second trial, when called as a witness by the defendants, he testified that he changed the amount of attorney's fee in the *cognovit* from $100 to $400 immediately before the entry of judgment by confession, and that the plaintiff was present when such change was made. Plaintiff by his counsel then waived any objection to the testimony of Sentel upon the ground that it was a privileged communication between attorney and client, and thereupon, the witness was asked, what, if anything, was said between himself and the plaintiff about a division of the $400 attorney's fees, and the witness refused to answer the question upon the ground that it involved a privileged communication between himself and his client, the plaintiff. The trial court then informed the witness that he need not answer the question unless he desired so to do, and the witness signified his desire not to answer. Thereafter, other questions of similar import and relating to the knowledge of the plaintiff that the amount of the attorney's fee included in the judgment was $400, were asked the witness and upon his signifying a desire not to answer the same, the court ruled that

he did not have to answer. Subsequently, upon the motion of counsel for plaintiff the court excluded from the jury all the testimony of the witness Sentel with reference to the *cognovit* and the change in the amount of attorney's fee thereon. The action of the court in the respects indicated was erroneous.

Communications between an attorney and his client are privileged, but the privilege is that of the client and not of the attorney. People v. Barker, 56 Ill. 299; Wood v. Thornly, 58 Ill. 464. The plaintiff having waived the privilege which protected the communications with his attorney, Sentel, from disclosure, Sentel could not avail himself of the privilege and refuse to answer questions relating to such communications. Furthermore, there is a well-established exception to the general rule that communications between an attorney and his client are privileged. In this case it is claimed on the part of the defendants that the alteration in the warrant of attorney whereby the amount of attorney's fee was raised from $100 to $400 was made by Sentel with the knowledge and consent of the plaintiff, and with the understanding or agreement between Sentel and the plaintiff that the amount recovered as attorney's fees should be divided between them. This, if true, was a fraud upon the defendants, to which fraud Sentel was a party and directly interested in the transaction.

In his exhaustive work on Evidence, Mr. Wigmore says: "All reasons in favor of privilege cease to operate at a certain point, namely, where the desired advice refers not to prior wrong doing but to future wrong doing." 4 Wigmore on Evidence, sec. 2298.

In 23 Am. and Eng. Ency. of Law, 2d Ed. 76, numerous authorities are cited in support of the statement in the text, that when the attorney and client both engage in committing a wrongful act the client cannot prevent a disclosure on the ground that the latter became acquainted with the facts connected with it as his legal adviser.

In 10 Enc. of Evidence, 292, cases are collated in support of the rule that, ''In cases where the attorney is a party to the transaction in regard to which communications were made the rule does not apply.''

In Matthews v. Hoagland, 48 N. J. Eq. 455, it was said: ''In the case of fraud if it is affected by the co-operation of the attorney, it falls within the rule as to crime, for their consultation to carry it out is a conspiracy, which on its accomplishment by the commission of the overt act, becomes criminal and an indictable offense.'' In Dudley v. Beck, 3 Wis. 246, it was held that a fraudulent agreement between client and attorney to act together was not privileged.

In Coveney v. Tannahill, 1 Hill (N. Y.) 33, it was said: ''Now if the plaintiff consulted counsel before hand as to the means, the expediency, or the consequences of committing such a fraud, his communications may, perhaps, be privileged; and they are clearly so, as to what he may have said to counsel since the wrong was done. But the attorney may, I think, be required to disclose whatever act was done in his presence towards the perpetration of the fraud. One who is charged with having done an injury to another, either in his person, his fame, or his property, may freely communicate with his counsel, without danger of having his confidence betrayed through any legal agency. But when he is not disclosing what has already happened, but is actually engaged in committing the wrong, he can have no privileged witness. See the remarks of Ld. Brougham in Greenough v. Gaskell, 1 Myln. & K. 98.''

The relaxation of the rule in the respect indicated is not in contravention of sound public policy, but rather tends to the maintenance of a higher standard of professional ethics, by preventing the relation of attorney and client from operating as a cloak for fraud.

We have examined the other errors assigned upon the rulings of the trial court as to the admissibility

of certain evidence and find nothing therein harmful to the plaintiff, or which merits any discussion.

The fifth instruction given at the request of plaintiff is inartificially drawn and was calculated to mislead the jury to the prejudice of the principal makers of the note, the appellants here, in that it inferentially authorized a finding against all the defendants if the alleged alterations in the note were made with the knowledge of the surety, Woodruff, or were ratified by him.

The first instruction tendered by the defendants improperly singled out and gave undue prominence to certain evidence introduced on their behalf, and was properly modified by striking out such improper matter. The defendants could not have been prejudiced by the modification of the third instruction tendered on their behalf, and that instruction properly presented the issue which the defendants sought to have presented by their second instruction, which was properly refused because it assumed the existence of a controverted issue of fact in the case.

The defendant, E. P. Woodruff, who is the surety upon the note, is not complaining of the judgment and the action of the court in modifying and refusing certain instructions tendered on his behalf does not concern the other defendants, the appellants here, as no claim is made that such action was prejudicial to them.

For the error in excluding evidence proper to be considered by the jury the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Philbrick took no part.