**The People of the State of Illinois, Defendant in Error, v. Samuel Marcofsky, Plaintiff in Error.**

## Gen. No. 25,294.

1. WITNESSES, § 168*—*when communication to attorney is not privileged.* In a prosecution by a wife against her husband on the charge of pandering, where the prosecutrix before she filed the information had retained an attorney in a divorce proceeding to which she was a party, and had stated to him that she would start proceedings charging her husband with the crime of pandering unless he gave back to her her diamond earrings, and also stated that she had not given her husband any money which she had earned practicing prostitution, such statements were not made to him for the purpose of obtaining his advice or opinion in the divorce case or engaging him in the conduct of any professional business, but were mere "*gratis dictum*" and not privileged.

2. WITNESSES, § 164*—*what is nature of privilege between attorney and client.* Professional communications between attorney and client are privileged communications which the law excludes on the ground of public policy.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. WITNESSES, § 167*—*who is entitled to benefit of privilege.* The privilege as to communication between attorney and client ·is that of the client and not of the attorney.

4. WITNESSES, § 167*—*what communications of client to attorney are privileged.* A communication to be privileged must be made to the legal adviser to·obtain his opinion in matters of law.

Error to the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the Branch Appellate Court at the October ·term, 1919. Reversed and remanded. Opinion filed October 6, 1920.

MAX M. KORSHAK, for plaintiff in error; GEORGE L. REKER, of counsel.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On January 31, 1919, Jett Marcofsky, wife of the defendant, Samuel Marcofsky, by leave of court, filed an information in the municipal court of Chicago charging that on the 6th day of December, 1918, her husband, the defendant, had received from her $12 which she had earned in the practice of prostitution and, therefore, he was guilty of the crime of pandering. The defendant pleaded not guilty and waived trial by jury. The court after hearing the evidence found him guilty and imposed a sentence of 6 months in the House of Correction and a fine of $500, to reverse which he prosecutes this writ of error.

The. only point ' which we deem necessary to consider is whether the court erred in refusing to permit the witness Charone to testify.

The record discloses that defendant's wife in the early part of December, 1918, and before she filed the information, was in the office of Charone whom she

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had retained to represent her as her attorney in a divorce proceeding to which she was a party. She testified for the People and on cross-examination was asked whether she did not tell Charone in his office that she was going to start a prosecution against her husband for pandering because he had received from her $12, the proceeds of her practice of prostitution, unless the defendant returned to her her diamond earrings which he then had, and also, if she had not stated to Charone that she had not given the $12. She answered that she had not stated any of these matters to Charone. Defendant then called Charone and offered to show that Mrs. Marcofsky at the time mentioned had stated to him that she would start proceedings against her husband charging him with the crime of pandering unless he gave back to her her diamond earrings, and that she also told him that she had not given her husband any money which she had earned practicing prostitution. It was claimed by Charone and Mrs. Marcofsky that this conversation was privileged. The court sustained this contention and refused to permit the witness to testify. In this we think there was error. Greenleaf on Evidence (13th Ed.), sec. 240; *Hatton v. Robinson*, 31 Mass. (14 Pick.) 416; *DeWolf v. Strader*, 26 Ill. 225.

Professional communications between attorney and client are privileged communications which the law on the ground of public policy excludes for the reason that greater mischiefs would result from permitting their admission than from rejecting them. These communications are excluded not on account of any particular importance which the law attributes to the business of legal professors, but out of regard to the interests of justice which cannot go on without the aid of men skilled in the law. If they were not excluded no one would dare consult the professional adviser. Greenleaf on Evidence, sec. 238. This privilege is that of the client and not of the attorney. *People v.*

*Barker,* 56 Ill. 299; *Wood v. Thornly,* 58 Ill. 464; *Lanum v. Petterson,* 151 Ill. App. 36; *Hatton v. Robinson, supra.* But such communication to be privileged must be made to the legal adviser to obtain his opinion in matters of law, and unless it is so made it is not privileged. *Hatton v. Robinson, supra; DeWolf v. Strader, supra.* In the instant case it is clear that if Charone was retained by Mrs. Marcofsky to represent her in a divorce proceeding and if she told him that she was going to prosecute her husband for pandering unless he returned her diamond earrings, this matter was not disclosed to him for the purpose of obtaining his advice or opinion in the divorce case or engaging him in the conduct of any professional business. For aught that appears, it was, as stated by Mr. Chief Justice Shaw in the *Hatton* case, "a mere *gratis dictum.*"

The evidence of Charone should have been admitted, and since in our opinion it was very material, the judgment of the municipal court of Chicago must be reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, P. J. and THOMSON, J., concur.