Philip Papas, Appellee, v. Bernard W. Snow, Bailiff of the Municipal Court of Chicago, Appellant.

Gen. No. 33,078.

Opinion filed March 11, 1929.

EDWARD I. ROTHBART and SEYMOUR M. LEWIS, for appellant; WHARTON PLUMMER, of counsel.

FRANK L. CHILDS, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of replevin against the bailiff of the municipal court to recover possession of a motor truck. The truck was taken on the writ, delivered to the plaintiff and on a trial before the court without a jury the court found the right to the possession of the property was in the plaintiff and assessed his damages in the sum of one cent.

The record discloses that plaintiff, Papas, sold the motor truck in question to Thomas Marcos for $1,300; $450 was to be paid in cash and the balance secured by chattel mortgage on the truck. The truck was sold January 15, 1924, but Marcos being unable to make the cash payment of $450, Papas retained possession of the truck. Afterwards on January 24 Marcos came in and paid the $450 and executed a chattel mortgage on the truck to secure payment of the balance. The mortgage was recorded January 24 and the next day the

truck was delivered to Marcos. The evidence further shows that on December 18, 1923, the American Acceptance Corporation obtained a judgment, in the municipal court of Chicago, against Marcos for $743.52. An execution was issued on the judgment on December 18 and delivered to the bailiff of the municipal court. The bailiff made a demand on Marcos, but no payment being made the execution was returned January 28, 1924, no part satisfied. On January 15, 1924, an alias execution was issued and a levy on the truck was made February 21, 1924. Shortly thereafter the instant replevin suit was brought and the truck taken from the bailiff as stated. The foregoing facts were undisputed.

The sole question therefore for decision is: Was the lien of the chattel mortgage superior to that of the judgment rendered against Marcos in the municipal court? In *Brewster v. Peter Schoenhofen Brewing Co.*, 66 Ill. App. 276, it was held that where a vendor of personal property before its delivery took from the vendee a mortgage to secure the payment of the purchase money, he might maintain an action of replevin against the constable who levied on the personal property under an execution against the vendee which the constable had received prior to the sale of the property. The facts in that case are similar to the facts in the instant case and substantially the same contentions were there made as are made here by defendant. The court there held that the plaintiff was not estopped from offering evidence tending to contradict the recital of the mortgage to the effect that at the time of its execution the property was in the possession of the vendee.

We are entirely satisfied with the holding and reasoning of the *Brewster* case. As stated in that case, the only reason the execution became a lien upon the truck at all was by reason of its sale to the vendee. We think a person engaged in the sale of personal property

ought to be able to sell it to one who has a judgment against him and yet be able to protect his lien for a part of the purchase money by way of a chattel mortgage.

Defendant has cited the case of *Clark v. Woodruff*, 100 Ill. App. 18, as laying down a rule contrary to that announced in the *Brewster* case, but we think the facts in the *Clark* case are entirely different. It does not appear that in the *Clark* case the sale or mortgage was bona fide.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.