[Civ. No. 9755. First Appellate District, Division One.—April 17, 1936.]

AMERICAN TRUST COMPANY, Respondent, v. PHILIP GREUNER, as Special Administrator, etc., Appellant.

Alfred Nelson for Appellant.

Ben F. Woolner and John H. Tolan for Respondent.

TYLER, P. J.—Action upon a promissory note to recover an unpaid balance due thereon. The complaint alleged that defendant W. M. Greuner, on the 5th day of December, 1929, executed a promissory note in favor of plaintiff American Trust Company in the sum of $65,000 with interest at the rate of six and a half per cent per annum and that the note became due June 5, 1930. It was further alleged that the sum of $37,063.94 had been paid thereon, leaving a balance of $27,936.06 together with interest. Defendant Greuner by answer admitted the execution of said note, but alleged that it had been altered on the face thereof, by increasing the interest from six and a half per cent to seven per cent, with the resulting release of all its obligations. Trial was had before a jury which rendered a verdict in favor of the plaintiff in the amount claimed, and judgment was rendered in conformity with the verdict. Motion for a new trial was made and denied. Since the rendition of judgment defendant has died and his special administrator has been substituted in his place and stead.

The main ground relied on for a reversal is the claim that the note was erroneously received in evidence. Whether the note was properly admitted revolves upon the question of whether there was a material alteration of the instrument as to avoid it under the provisions of section 3206 of the Civil Code. It appeared in evidence that the note sued upon was an unconditional promise to pay although it was secured by several other underlying notes which in turn were secured by deeds of trust. Defendant failing to pay, foreclosure upon the trust deeds was had in 1932 and the amount received was credited on the note sued upon. Prior to the foreclosure and at the time of the maturity of the note on June 5, 1930, defendant became apprehensive that the bank would start proceedings against him and secure a deficiency

judgment, and he visited offices of the bank requesting further time to meet his obligation. He was informed that the note would be allowed to run for a while longer but that defendant would have to pay an additional one-half per cent, or seven per cent, interest for the period of the extension. Defendant denied that he ever expressly agreed to the increase. At the time the forbearance was agreed upon one of the officers of the bank informed a note teller who had charge of the note of the increase in interest, whereupon the teller for his own guidance, in order to keep his instructions before him and without any directions from anyone in authority so to do, placed a pencil notation or memorandum on the note, reading "7%, 6–5–30". It is under these facts that appellant claims the case is brought within the provisions of section 3206 of the Civil Code, which provides in effect that any alteration which changes the sum payable, either for principal or interest, is a material alteration which voids the instrument. ■ It is true that any material alteration in an instrument avoids it. This rule, however, has application to cases where such alteration has been made by the payee or party seeking to enforce it. It has no application where the alteration has been made by a stranger who acts without authority. (*Walsh* v. *Hunt,* 120 Cal. 46 [52 Pac. 115, 39 L. R. A. 697].) ■ It is thus manifest that the facts do not bring the case within the provision invoked. The mere placing of the notation on the instrument by the note teller for the purpose of his information in computing the interest does not constitute a material alteration of the instrument. He had no instructions from anyone in authority to make any change whatsoever in the note. Such act amounts at most to a spoliation, which will not prevent a recovery upon the contract in accordance with its original terms. This is obviously upon the principle that the act of a mere interloper, without the privity of the parties, should not be permitted to defeat a contract to the extent that it would otherwise be valid and binding, and an agent, as here, without authority is in this sense a stranger to the transaction. It is clear that what was done here was at most a spoliation as distinguished from an alteration which did not affect the validity of the note. (*Central California Creditors' Assn.* v. *Seeley,* 91 Cal. App. 327 [267 Pac. 138] ; *Vanderford* v. *Farmers' & Mechanics' Bank,* 105 Md. 164

[66 Atl. 47, 10 L. R. A. (N. S.) 129]; *Carr* v. *Welch, Exr., etc.,* 46 Ill. 88; *Port Huron Engine & Thresher Co.* v. *Sherman,* 14 S. D. 461 [85 N. W. 1008]; *Paterson* v. *Higgins,* 58 Ill. App. 268.) We are cited by appellant to the case of *Nissen* v. *Ehrenpfort,* 42 Cal. App. 593 [183 Pac. 956], as supporting the contention that the notation constituted a material alteration. In that case, however, there was an intentional alteration, made by one of the officers of the payee. ▋ Totally aside from our conclusion that the act in question did not constitute a material alteration and the instrument was in no manner affected by the notation, there is evidence of ratification sufficient to bind the maker even assuming the notation to be an alteration. A material alteration in a note, made in accordance with an agreement between the maker and payee, does not avoid the note. In addition to the evidence that defendant did not refuse to pay the additional interest when informed that he would have to do so to obtain the forbearance and avoid a deficiency judgment, it appeared that he kept a commercial account with plaintiff bank and that for a long period of time he was charged with the increased interest, and monthly statements were rendered to him which indicated this fact, and he never at any time made objection thereto.

▋ Appellant takes exception to several instructions. The court instructed the jury that plaintiff had a right to alter the instrument if defendant had agreed to the alteration or if the same had been made innocently and without fraudulent intent. The jury was further instructed to the effect that a material alteration might be ratified and that such ratification might be evidenced by the failure to object to the charge in his account within a reasonable time. What we have heretofore said in relation to the admissibility of the note disposes of the objections to the instructions.

▋ Appellant makes the further contention that as the note was secured by deeds of trust, and the complaint fails to state a sale thereunder, the deficiency judgment is invalid. No such question was raised at the trial. The note sued upon was not secured by any deed of trust, but by underlying notes which themselves were so secured. While plaintiff did not allege a sale under the deeds of trust, the complaint was not demurred to, and defendant in his answer supplied whatever defect might exist in this particular for

the answer alleged a prior sale and the crediting of the proceeds thereof upon the note and no claim is made that the sale was in any manner fraudulent or unfairly conducted, or that the price obtained was inadequate. The security having been exhausted prior to suit upon the note, plaintiff was entitled to sue for any deficiency suffered.

The order and judgment are affirmed.

Knight, J., and Cashin, J., concurred.