[Civ. No. 10550. First Appellate District, Division Two.—April 4, 1938.]

AMERICAN TRUST COMPANY (a Corporation), Respondent, v. PHILIP GREUNER, as Special Administrator, etc., Appellant.

Alfred Nelson for Appellant.

Ben F. Woolner for Respondent.

SPENCE, J.—Plaintiff brought this action against defendant as special administrator upon a rejected claim. The trial court entered judgment directing that the claim be paid in due course of administration and from said judgment, defendant appeals.

The amended complaint was filed in December, 1934. It appears therefrom that plaintiff had obtained a judgment against deceased in 1933; that after the death of the deceased, plaintiff had duly presented its claim, based upon said judgment, to defendant as special administrator; and that defendant had rejected said claim. The answer of defendant, filed in February, 1935, contained certain denials and presented the special defense that an appeal had been duly taken from said judgment; that said appeal was still pending; and that the judgment was not a final judgment. After the filing of the answer and in April, 1935, the parties entered into a written stipulation providing "that the trial of the above entitled cause may remain in abeyance until there has been a decision rendered by the Appellate Court in the matter of the appeal from the judgment upon which the above entitled action is based". The decision was rendered affirming the judgment on April 17, 1936 (*American Trust Co.* v. *Greuner,* 13 Cal. App. (2d) 279 [56 Pac. (2d) 967]), and the *remittitur* was filed on July 3, 1936. The present action was tried on November 2, 1936. The entire proceedings on the trial, exclusive of the copies of the exhibits, are transcribed on less than four pages of the typewritten transcript. The record of the probate proceedings and the record of the former action were introduced in evidence together with testimony to the effect that no part of the judgment had been paid. Defendant made no objection of any kind, did not cross-examine plaintiff's witness and did not offer any evidence. Defendant waived findings and judgment was entered in favor of plaintiff as above indicated.

Appellant's demand for a reversal is based solely upon the contention that the judgment in the first action, upon which the claim against the estate was based, was not a final judgment at the time this action was commenced and that therefore this action was prematurely brought. We believe there are several answers to this contention but it is

sufficient to state that in our opinion appellant waived the right to raise this question by entering into the written stipulation above set forth. If appellant desired to urge the special defense that the action was prematurely brought because the judgment was not final when the action was commenced, there was no purpose in stipulating for the delay of the trial until the judgment had become final. The stipulation for allowing the trial of the cause to "remain in abeyance" in the meantime must be construed as an implied agreement for the waiver of the alleged special defense that the action had been prematurely brought. It is apparent from a reading of the proceedings on the trial that the parties themselves construed the stipulation as having that effect.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.