[Civ. No. 6206. First Appellate District, Division Two.—April 26, 1928.]

CENTRAL CALIFORNIA CREDITORS' ASSOCIATION (a Corporation), Respondent, v. A. L. SEELEY et al., Defendants; J. R. PHELPS, Appellant.

328

Owen D. Richardson for Appellant.

Fabian D. Brown for Respondent.

KOFORD, P. J.—Respondent recovered judgment upon an undertaking given to the sheriff to release an attachment. Respondent was plaintiff in the attachment suit. Cook Lumber Company was defendant. The lumber-yard of said defendant had been attached and the release bond sued on in this case was executed by the defendants in this action, A. L. Seeley and J. R. Phelps. J. R. Phelps alone appeals.

The undertaking recited the commencement of the action, the levying of the attachment and that "whereas the defendant is desirous of obtaining the release of said attachment and the return of said property so attached to him before the return of said writ by said sheriff; Now therefore, we the undersigned . . . in consideration of the premises and in consideration of the release from attachment of all of the property attached, . . . undertake in the sum of $3,500 . . . and promise that in case the said plaintiff recovers judgment in said action the said defendant *will on demand redeliver such attached property so released to the proper officer, to be applied to the payment of the judgment, or in default thereof the said defendant and sureties* (italics ours) will on demand pay to the said plaintiff the full value of the property released not exceeding the amount of said judgment."

When this undertaking was offered in evidence at the trial of this action the words which we have italicized had been scratched through with lead pencil marks and bracketed off with parentheses. Most of the evidence at the trial relates to how, when and where and by whom this alteration or mutilation was made.

The first witness was the deputy sheriff who received the bond. He testified more from his own habits than from recollection. He thought the alteration must have been made before he accepted the bond and was made by the party who presented it with the consent and in the presence of the sureties. Judge P. F. Gosbey could not testify from recollection, but stated that he would have initialed the alter-

ation if he had noticed it at the time he indorsed his approval on it.

The attorney who prepared the bond and appellant who signed it were called by defendants and testified that the marks were not present at the time it was signed and sent on its way to the sheriff's office. When defendant rested, plaintiff also rested without offering further testimony. Whereupon defendant immediately asked to reopen the case and call Mr. Miller as a witness. This permission was granted over the objection of plaintiff, who specified that Mr. Miller had been present in the courtroom during the course of the trial.

Mr. Miller testified that he was an attorney at law and that he had represented and had appeared for respondent in this action, having argued.upon the hearing of the two demurrers interposed to the first and second complaint. That, while the legal points concerning bonds given to release an attachment before and after a return of a writ of attachment by the sheriff were being discussed by himself and Undersheriff Thompson, he himself made all the pencil marks upon the bond—thoughtlessly and for the purpose of illustration.

The amended complaint which is printed in the supplement of appellant's opening brief alleges that the bond was given while the writ of attachment was in the possession of the sheriff and describes the obligation of the bond in the alternative, i. e., promises redelivery of the attached property or payment of the judgment obtained.

The findings of the court on this subject state "that defendants to procure a release of said attachment and the property seized thereunder executed an undertaking conditioned that if said property be released from said attachment they would pay to plaintiff the amount of the judgment." The findings also state that demand had been duly made on the judgment defendants and also on their sureties for the payment of said judgment or the return of the attached property.

Appellant vigorously contends that the Miller story is the correct one and attempts to demonstrate it in a manner which he states is conclusive. Assuming this contention to be correct, the pencil marks made by Miller on the bond amount to nothing in the direction of changing any clause or

obligation of the bond. These marks if made in the manner Miller described must be considered as of no more importance than any accidental mark, blot, tear, discoloration, or even destruction. ■ The written obligation of the parties is not changed by what third parties or accidents may do to it.

■ Although Mr. Miller was apparently the attorney of record for the respondent herein at the time he let his lead pencil go astray, his agency as attorney did not authorize him to alter documentary evidence. We cannot say that his careless act, unauthorized by and without the knowledge of his principal, should be held to be the deliberate and unlawful act of his principal. The same result would follow if the act was the deliberate, intentional and unlawful act of an attorney clearly outside of the scope of his agency.

■ During the course of the trial respondent made a motion to amend the amended complaint to conform to proof by striking out of the complaint's description of the obligation of the bond, the promise to redeliver the attached property. This motion was granted, but we have been unable to find anywhere in the record that any such amendment was actually made. This motion was made while the first witness was on the stand and therefore before Mr. Miller testified. We do not regard this motion, therefore, as a ratification of the acts of Miller in mutilating the bond. Respondent did not know at that time what Miller had done. Such knowledge would be an essential element of ratification. ■ Respondent's failure to avail itself of the permission to amend may be considered an abandonment of his motion which may have been induced by Miller's testimony.

■ We therefore must consider whether the bond, disregarding the lead pencil marks, will support the judgment. The bond was not given pursuant to an order of release of attachment pursuant to Code of Civil Procedure, sections 554, 555, made where the writ of attachment has already been returned by the sheriff, but was given pursuant to Code of Civil Procedure, section 540. The alternative form of bond, promising either redelivery of the attached property or payment of the judgment to the extent of the value of the released property is required by Code of Civil Procedure, section 555. It is not prohibited by Code of Civil Procedure, section 540, which does not prescribe the form of the bond,

but simply requires the sheriff to accept an undertaking in lieu of attaching if the defendant "give him security by the undertaking of at least two sufficient sureties in an amount sufficient to satisfy such demand against such defendant, besides costs, or in an amount equal to the value of the property of such defendant which has been or is about to be attached." While appellant contends that he is not liable upon the bond unless statutory requirements are followed he does not attempt to point out wherein this bond does not comply with section 540 of the Code of Civil Procedure. The bond served its purpose. It was accepted and the attached property was returned to the defendants in the attachment suit. Its language is quite adequate to charge the appellant herein with the obligation upon which the judgment appealed from is based. ▇ It is also sufficient as a common-law bond. (*Gardner* v. *Donnelly,* 86 Cal. 367 [24 Pac. 1072].)

▇ We are justified by the pleadings and by the recitals in the bond itself in assuming that at the time this bond was given the writ of attachment had not been returned by the sheriff and consequently no need existed to follow the procedure of Code of Civil Procedure, section 555, by obtaining a court order for the release of the attachment.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1928.

All the Justices concurred.