[S. F. No. 16985.   In Bank.   May 25, 1944.]

SALVADORE CAMPAGNA, JR., an Incompetent, etc., Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation), Respondent.

Fitz-Gerald Ames for Appellant.

Cyril Appel, Linforth, Cannon & Miller and Jesse H. Miller for Respondent.

EDMONDS, J.—Salvadore Campagna, Jr., was riding on a vegetable truck, driven by his father, when it struck a street-car. As a result of the collision, the son sustained personal injuries. In the trial of his action for damages, the jury returned a verdict in favor of the railroad company and his appeal from the judgment principally concerns an instruction relating to the doctrine of imputed negligence.

For some years prior to the accident, the elder Campagna had been in the produce business, selling fruit and vegetables from door to door. The son, a young man 25 years old, described in the testimony as being mentally deficient, customarily accompanied him. According to one defense relied upon by the railroad company they were joint venturers engaged in a common enterprise.

At the time of the accident, which occurred at about 5:30 in the morning, father and son were on their way to the market. Although the testimony as to the collision is conflicting, there is substantial evidence, the appellant admits, tending to prove that his father, in operating the truck, was guilty of negligence. But the conduct of the father would only absolve the railroad from liability if his negligence may be imputed to the son.

There is no dispute regarding the facts as to the business relations of the father and son. Campagna, Sr., testified that for approximately ten years the boy had been his companion every day. "He helps me lots," the father told the jury. "In going to the market he help to load the truck, and after, on the route, he deliver the stuff, fruit, vegetables, and anything for my customers. . . ." Also, the father continued, the boy would "collect the money sometimes, when he has the right change." When they came home after a day's work, the son would help "clean up the truck; take all the boxes out of the truck. . . ."

The young man lived with his parents, and as a member of the household he did chores such as cutting wood and carrying it upstairs, starting the fire and cleaning. Regarding the earnings from the truck, the father was asked on cross-examination: "Whatever you earned together went into the family

pool, didn't it?'' Answering affirmatively, the witness added: ''Well, the boy is work more voluntary.'' He paid his son no salary, the father told the jury, although once in a while, when he could spare the money, he gave him a few dollars.

Regarding the son's mental capacity, although a physician testified that the boy is an imbecile, it appears that he can bathe and dress himself and go on errands to the store. ''He was okay, that boy,'' said the father. But Salvadore is not like his other children, the father admitted, and the boy has had no schooling except for a few months when he was about six years of age.

Upon this and other evidence, the trial judge instructed the jury upon the doctrine of imputed negligence. The appellant concedes that the instructions upon this subject correctly state the law but he asserts that the defense to which they relate was not pleaded at such time as to give the railroad company the right to rely upon it. Assuming, however, that the defense was properly pleaded, says the appellant, there is no evidence justifying the court's charges to the jury concerning it. He also challenges other instructions stating principles of law to be applied by the jury in determining whether the motorman negligently operated the streetcar at the time of the accident. In support of the judgment, the railroad company asserts that the instruction as to imputed negligence was fully justified by pleading and proof and that the court did not err in other rulings.

Concerning the question of pleading, the answer, as filed, did not include the defense of imputed negligence but, in general terms, it was alleged that the appellant was guilty of contributory negligence. Such a plea is not sufficient for one who seeks to charge a person with the negligence of another in the operation of an automobile; a defendant must assert that the injured person controlled, or had the right to control, the vehicle in which he was riding. (*Bennett* v. *Chanslor & Lyon Co.*, 204 Cal. 101 [266 P. 803]; *Dover* v. *Archambeault,* 57 Cal. App. 659 [208 P. 178].) But after the railroad company had concluded the presentation of evidence, its counsel asked permission to amend the answer ''by adding the specific defense of imputable negligence, upon the ground that at the time of the happening of the accident the plaintiff and his father were engaged in a joint enterprise . . . and that the negligence of the father, the driver of the automobile, is therefore legally

imputed to the boy." Over objection the motion was granted upon the ground that the defense of contributory negligence was pleaded and "you may amend by setting up the facts constituting it." No amendment was filed.

■ As a general rule, an order granting leave to amend is not an amendment, and in the absence of a written statement of facts concerning the issue, it is not properly pleaded. (*Central Cal. Creditors' Assn.* v. *Seeley*, 91 Cal.App. 327 [267 P. 138].) ■ But when such a motion is granted during the trial, and the case is tried as if the amendment had been made, a party may not later complain that no formal amendment was filed. (*Greenwood* v. *Greenwood*, 112 Cal.App. 691 [297 P. 589] ; *Yule* v. *Miller*, 80 Cal.App. 609 [252 P. 733] ; *Morris* v. *Standard Oil Co.*, 188 Cal. 468 [205 P. 1073] ; *Parmenter* v. *McDougall*, 172 Cal. 306 [156 P. 460].) ■ Trial courts have large discretionary power to allow amendments to be made to conform to proof and in the present case, as counsel for the appellant, in his opening statement, declared that "in the event the defendant should endeavor to establish any negligence on the part of the father, it is our contention that such negligence is not imputable to the son," the appellant has not been prejudiced and may not complain of the respondent's failure to file an amended answer.

■ When two occupants of a vehicle are engaged in a joint venture or enterprise with respect to its operation, the negligence of the driver is imputable to his companion. But to constitute such a relationship, the parties must have a community of interest in a joint or common undertaking, each exercising or having the right to exercise equal or joint control and direction. (*Bryant* v. *Pacific Elec. Ry. Co.*, 174 Cal. 737 [164 P. 385] ; *Pope* v. *Halpern*, 193 Cal. 168 [223 P. 470].) ■ The relationship of joint venturers is that of a mutual agency, akin to a limited partnership. (*Butler* v. *Union Trust Co.*, 178 Cal. 195 [172 P. 601] ; *Wescott* v. *Gilman*, 170 Cal. 562 [150 P. 777, Ann.Cas. 1916E 437] ; *Arnold* v. *Humphreys*, 138 Cal.App. 637 [33 P.2d 67] ; *Keyes* v. *Nims*, 43 Cal.App. 1 [184 P. 695].) ■ It is founded on contract; and the acts of the parties over a period of time may be sufficient to raise an implied agreement of joint enterprise. (*Universal Sales Corp.* v. *California Press Manufacturing Co.*, 20 Cal.2d 751 [128 P.2d 665].) ■ Although a joint venture generally contemplates an equal sharing of the profits

and losses in the prosecution of the common purpose (2 Rowley's Modern Law of Partnership, § 975; 33 C.J. 841, § 2), the division may be left to the agreement of the parties (*Hamer* v. *MacClatchie*, 220 Cal. 720 [32 P.2d 620]).

The doctrine of imputed negligence is not to be loosely applied, and "when there is nothing in common between the passenger and driver of the vehicle except a common destination and a common purpose in going there, the negligence of the driver is not to be imputed to the passenger." (*Wessling* v. *Southern Pac. Co.*, 116 Cal.App. 455, 458 [3 P.2d 25].) The passenger must do more than to indicate the route to be traveled, and a certain plan in common is not sufficient to establish the relationship. (*Pope* v. *Halpern, supra.*)

Neither family relationship between the parties, nor association together in business, is determinative of the question. (*Bryant* v. *Pacific Elec. Ry Co., supra*; *Moore* v. *Franchetti*, 22 Cal.App.2d 75 [70 P.2d 492].) And as the imputation of contributory negligence is an affirmative defense, the defendant has the burden of proof upon that issue. (*Bennett* v. *Chanslor & Lyon Co., supra*; *Huber* v. *Scott*, 122 Cal.App. 334 [10 P.2d 150].)

In the present case there is no evidence relating to the relations of Campagna and his son except the testimony of the father as to the manner in which he operated his produce peddling business and there is nothing to show that the boy had any interest in the business. In the words of the father, the appellant's services were "voluntary" and although the boy was supported by the father's earnings on the truck, there is nothing to show that at the time of the accident the young man controlled or had the right to control the truck Campagna was driving. He had nothing to say as to where the vegetables were to be purchased, or the amounts to be paid for them, what the route should be, what prices were to be charged customers, or how the business should be carried on. Nor did he have the right to share in the profits of the peddling business. According to the undisputed evidence, he merely accompanied his father on the truck and did his bidding. Under these circumstances, the boy's connection with the enterprise was that of an employee working for his living expenses, and it was prejudicial error for the trial court to instruct the jury concerning the prin-

ciples relating to the doctrine of imputed negligence. (*Wessling* v. *Southern Pac. Co., supra.*) The instruction upon the subject of contributory negligence was also unsupported by evidence and should not have been given.

This conclusion makes it unnecessary to consider the other points presented by the appellant.

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondent's petition for a rehearing was denied June 22, 1944.