[Civ. No. 16907. First Dist., Div. One. Nov. 27, 1956.]

BERKELEY CREMATORY, INCORPORATED (a Corporation), Appellant, v. CITY OF EL CERRITO, Respondent.

Blair F. Burton for Appellant.

· Clifford C. Anglim, City Attorney, and Tsar N. Calfee, Acting City Attorney, for Respondent.

AGEE, J. pro tem.*—This is an appeal by plaintiff from a judgment declaring that its property was validly rezoned from commercial to residential.

*Assigned by Chairman of Judicial Council.

The property involved is a parcel of land in the city of El Cerrito, consisting of 22 lots. This land was zoned commercial by Ordinance Number 125, adopted March 30, 1931. Section 10 of this ordinance provides that: The city council may rezone any land zoned under the ordinance or all zones or otherwise alter and change the zoning, *but first* the city council shall give notice of the petition or proposal to rezone by the posting of written notices of the hearing thereon on the property to be rezoned.

Zoning Ordinance Number 13 N.S. was adopted October 19, 1953. It expressly repealed Ordinance Number 125 and zoned appellant's property as R-2 (residential). The city, respondent herein, admits that it did not post notice as provided in section 125.

Respondent's position is that the requirement of posting in section 10 of Ordinance Number 125 applies only to an amendment of that ordinance; that Ordinance Number 13 N.S. is a new and precised section of a master plan adopted in accordance with the then existing statutes relating thereto, i.e., sections 65250-65254 of the Government Code*; that Ordinance Number 13 N.S. does not attempt to amend or revise Ordinance Number 125; and that sections 65250-65254, *supra,* do not require posting on the property.

The effect of the adoption of Ordinance Number 13 N.S. was to "alter and change the zoning" of appellant's land. The plain purpose of section 10 of Ordinance Number 125 was to require notice by posting on the property before this could be done. This ordinance was in full force and effect until its repeal on October 19, 1953, by Ordinance Number 13 N.S. The requirement of notice by posting was not in conflict with any state law or, in particular, sections 65250-65254, *supra.* It simply required a form of notice in addition to the published notice provided for by section 65253, *supra.* We conclude that respondent was required to comply with section 10 of Ordinance Number 125 as a part of the legal proceedings leading up to the adoption of Ordinance Number 13 N.S. and that its failure to do so renders Ordinance No. 13 N.S. void as to appellant's land insofar as it attempts to change its zoning.

The repeal of Ordinance Number 125 was an integral part of the adoption of Ordinance Number 13 N.S. We do not pass

---

*These sections were repealed by Stats. 1953, ch. 1355; see new sections 65600, 65601, and 65650 et seq., effective Sept. 9, 1953.

upon the question as to whether No. 125 could be repealed and then later a new ordinance not providing for notice passed. Toward the end of the trial, respondent attempted to show that in 1937, the appellant's land had been rezoned from commercial to a classification designated as "R-4." Appellant objected to such proof on the ground that it was not within the issues as framed by the pleadings. The trial court nevertheless admitted the ordinance upon which respondent relied and stated that respondent would be allowed to amend its answer to conform to the proof. Respondent never offered any such amendment. The pleadings are thus in their original condition and the allegation in the complaint that the property in question was zoned as commercial from March 30, 1931, until October 19, 1953, stands admitted. It should be noted that, in addition to the objection made, appellant offered to prove by the official zoning map that the zoning of its property had not been changed by the 1937 ordinance. In *Central Calif. Creditors' Assn.* v. *Seeley*, 91 Cal.App. 327, at 331 [267 P. 138], the court said: "During the course of the trial respondent [plaintiff] made a motion to amend the amended complaint to conform to proof. . . . This motion was granted, but we have been unable to find anywhere in the record that any such amendment was actually made. . . . Respondent's failure to avail itself of the permission to amend may be considered an abandonment of his motion which may have been induced by Miller's testimony." (See also *Carpentier* v. *Brenham*, 50 Cal. 549.)

In the instant case, it may have been the appellant's offer to prove by the records that the 1937 ordinance did not effect a rezoning of appellant's property that caused respondent not to offer any amendment to its answer. Whatever the reason, the answer was not amended and respondent remains bound by its admissions made therein.

Our conclusion as to the effect of the noncompliance with section 10 of Ordinance Number 125 makes it unnecessary to discuss the other points involved on this appeal.

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 27, 1956, and respondent's petition for a hearing by the Supreme Court was denied January 23, 1957.