26 Cal.App.3d 549 (1972)
103 Cal. Rptr. 63
THE PEOPLE EX REL. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent,
v.
INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Defendant and Appellant.
Docket No. 28149.
Court of Appeals of California, First District, Division Three.
June 29, 1972.
*550 COUNSEL
Fadem & Kanner and Gideon Kanner for Defendant and Appellant.
Harry S. Fenton, John P. Horgan, Lee Tyler, William J. Turner, William R. Edgar and Robert R. Buell for Plaintiff and Respondent.
OPINION
CALDECOTT, J.
The moving party in this proceeding, the respondent State of California (the State), filed this motion for an order to recall the remittitur on the ground that the State as the prevailing party is entitled to an award of costs on appeal. The property owner, International Telephone and Telegraph Corporation (ITT), had appealed from the judgment of the trial court in a condemnation action; in this court's affirmance of that judgment[1] no direction was given as to costs. The clerk of the court included in the remittitur an award of costs to appellant ITT on the ground that ITT was the owner in an eminent domain action.
Ordinarily, costs on appeal are awarded to a prevailing party "as an incident to the judgment on appeal." (Rule 26, Cal. Rules of Court.) In condemnation cases the above rule is subject to certain exceptions. Where the condemning agency is the appellant, the property owner is entitled to costs on appeal even if the condemner is the prevailing party. (San Joaquin etc. Irr. Co. v. Stevinson, 165 Cal. 540 [132 P. 1021]; City of Stockton v. Vote, 76 Cal. App. 369 [244 P. 609].)
The basis of this rule lies in article I, section 14 of the California Constitution which provides: "Private property shall not be taken ... until *551 full compensation therefor be first made in money or ascertained... by a jury, unless a jury be waived." As stated in respondent's points and authorities, "... the constitution guarantees the right to have an independent determination of just compensation by the jury. Until the time the jury makes this determination the property owner cannot have been accorded his full constitutional right. It is the fact of the determination or ascertainment of the just compensation by the jury which is the right and not the amount of compensation so ascertained which forms the rationale for this rule."
Where the property owner appeals, and is the prevailing party, he is, of course, entitled to costs under rule 26, as the prevailing party. But where the property owner appeals and is unsuccessful, his entitlement to costs appears to depend on the issue underlying his claim on appeal.
In a leading case in point, Oakland v. Pacific Coast Lumber etc. Co., 172 Cal. 332 [156 P. 468], the jury's award of damages was not acceptable to the property owner, who appealed from the judgment. The appellate court affirmed the award, and because the judgment did not furnish any directions as to costs, the clerk filled in "respondent [condemner] to recover costs of appeal." The property owner (a corporation) made a motion for an order recalling this remittitur, alleging that it was entitled as a matter of constitutional right to recover its costs on appeal.
The court framed the issue as "whether on an appeal by the owner to an appellate court, which is entirely unsuccessful, the costs of the appeal may be imposed on the owner, in view of the constitutional provision referred to [article I, section 14]." (Id. at p. 334.) The court answered the question by stating that the property owner could constitutionally be compelled to pay costs on appeal; in so holding, it relied on a passage from Lewis on Eminent Domain, which set forth the rationale for such a rule: "`When the compensation has once been ascertained by a competent tribunal, at the expense of the condemning party, the law has done all for the owner which the constitution requires. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the legislature may deem just. But if the statute gives the condemning party a right of appeal, it cannot cast the costs upon the owner if the assessment is reduced.'" Again, [Lewis] says, "`Where the owner is dissatisfied with the amount of damages awarded him in the first instance, and takes an appeal or other proceeding to have a re-assessment of the damages, it is usual to provide that he shall pay the costs of the appeal if he fails to secure an increase of damages, and such provisions are proper and valid.' (sec. 815), ..." (Id. at pp. 335-336.)
*552 Thus, we have the holding of the Supreme Court that there was no constitutional compulsion to award a landowner costs upon an unsuccessful appeal in which the only issue was the amount of damages. San Joaquin etc. Irr. Co. v. Stevinson, supra, 165 Cal. 540, cited by the State, is not to the contrary, since it involved an appeal by the condemner, not the landowner, and San Diego Land etc. Co. v. Neale, 88 Cal. 50 [25 P. 977], also cited by the State, is distinguishable.
In the recent case of In re Development Plan for Bunker Hill, 61 Cal.2d 21 [37 Cal. Rptr. 74, 389 P.2d 538], the court awarded costs to an unsuccessful property owner appellant; the issue upon which he was appealing was the public entity's right to take the property for a public use. As stated by the court at page 71, "Even though they may not prevail on this issue [public use] in either trial court or on appeal, it appears from the most recent expressions of the court that they are entitled to be free from costs in litigating it. [Citations.]"
In the present case, the property owner was the appellant, who did not prevail on appeal, and the issue on appeal was neither public use nor the amount of damages.[2] Neither counsel nor the court have been able to find a California case that directly covers this situation.
ITT relies on Decoto School Dist. v. M. & S. Tile Co., 225 Cal. App.2d 310 [37 Cal. Rptr. 225] and Regents of University of California v. Morris, 12 Cal. App.3d 679 [90 Cal. Rptr. 816]; however, neither of these cases is of any help to appellant. The Decoto case concerned the right to costs and attorney's fees under Code of Civil Procedure section 1255a on the abandonment of an eminent domain proceedings. In the Regents of University of California case, the appellant landowner was the prevailing party and as such, entitled to costs on appeal.
In two recent cases, People ex rel. Dept. Pub. Wks. v. Vallejos, 251 Cal. App.2d 414 [59 Cal. Rptr. 450] and People ex rel. Dept. Pub. Wks. v. Arthofer, 245 Cal. App.2d 454 [54 Cal. Rptr. 878], the Supreme Court, without opinion, directed the recall of the remittitur and ordered costs on appeal to the unsuccessful property owner appellants. The issues on appeal in each of these cases related to specific rulings of the trial court as to admissibility of evidence or to jury instructions. The issues did not include damages or public use. (1, 2) Since the Supreme Court did not *553 state the reasons for its orders, we cannot say for certain that the court has adopted the rule of allowing costs on appeal to an unsuccessful appellant property owner, where the amount of damages is not an issue. However, that appears to be the rule, for in the cases cited by the parties, only two cases denied costs on appeal to the appellant owner. (Los Angeles etc. Ry. Co. v. Rumpp (1894) 104 Cal. 20 [37 P. 859] and Oakland v. Pacific Coast Lumber etc. Co., supra, 172 Cal. 332.) In each of these cases the property owner found the jury's award of damages unacceptable and based his appeal on that ground.
In the instant case, and in the cases cited above which allowed costs to the unsuccessful appellant owner, the amount of damages was not an issue on appeal. The owner was appealing from what he believed to be prejudicial errors in the trial that prevented the jury from fairly assessing the damages.
In Peabody v. City of Vallejo, 2 Cal.2d 351 [40 P.2d 486][3] (cited in In re Redevelopment Plan for Bunker Hill, supra, at p. 69), costs on appeal were allowed when the cause was remanded for a new trial by reason of the failure of the trial court to apply the correct legal principles and public use was not one of the issues. In the present case, as previously noted, the appellant in effect is also claiming a failure to apply the correct legal principles by the trial court. Thus in light of the reasoning in Peabody and Bunker Hill and the granting of costs in Vallejos and Arthofer, ITT is entitled to an award of costs on appeal in the present case.
The State has questioned some of the costs claimed by ITT but that matter is not before the court on this proceeding.
The motion to recall the remittitur is denied.
Brown (H.C.), J., concurred.
DRAPER, P.J.
I concur, but of necessity do so rather blindly. The 1964 Supreme Court decision (In re Redevelopment Plan for Bunker Hill, 61 Cal.2d 21 [37 Cal. Rptr. 74, 389 P.2d 538]) appears to permit costs on appeal to be awarded against an unsuccessfully appealing owner only when the issue of public use is raised. The failure of Bunker Hill to disapprove the earlier Supreme Court cases (Los Angeles etc. Ry. Co. v. Rumpp and *554 Oakland v. Pacific Coast Lumber etc. Co.) can be read to emphasize that Bunker Hill but distinguished these cases upon the basis of the claim urged on appeal by the property owner, leaving intact the rule that asserted insufficiencies of the award permit allowance of costs against the appellant owner. Yet in the two Court of Appeal cases cited in the opinion (People ex rel. Dept. Pub. Wks. v. Vallejos, 251 Cal. App.2d 414 [59 Cal. Rptr. 450]; People ex rel. Dept. Pub. Wks. v. Arthofer, 245 Cal. App.2d 454 [54 Cal. Rptr. 878]), the only issue, although one turned upon admissibility of evidence and the other upon ownership of the land, seemed to be the amount of the award. Nonetheless, the Supreme Court, by minute order and without opinion, directed recall of remittitur and award of appeal costs to the unsuccessfully appealing owner.
We have found no decision of the high court casting light into this somewhat murky corner of the law. If the true current rule is that an owner who appeals unsuccessfully is to be assured his costs in all condemnation cases, a brief statement to that effect in a published opinion establishing a clear rule would save substantial time for the Courts of Appeal, as well as for the Supreme Court itself.
Respondent's petition for a hearing by the Supreme Court was denied August 23, 1972.
NOTES
[1] People ex rel. Dept. Pub. Wks. v. International Tel. & Tel. Corp., 22 Cal. App.3d 829 [99 Cal. Rptr. 836].
[2] As stated in People ex rel. Dept. Pub. Wks. v. International Tel. & Tel. Corp., 22 Cal. App.3d 829, 833 [99 Cal. Rptr. 836], "The basic issue presented on appeal is whether the trial court was correct in ruling that appellant's plant parcel and the adjacent agricultural parcel did not constitute a single `larger parcel' for the purpose of assessing severance damages."
[3] Peabody v. City of Vallejo, supra, was not actually an inverse condemnation case, as such an action apparently was not in use at that time (1935). It was, however, referred to in Bunker Hill as an action "in the nature of eminent domain."