[Civ. No. 29498. First Dist., Div. Three. Feb. 13, 1973.]

THE PEOPLE EX REL. DEPARTMENT OF PUBLIC WORKS,
Plaintiff and Appellant, v.
GEORGE W. WILLIAMS, Defendant and Appellant.

## COUNSEL

Harry S. Fenton, John P. Horgan, A. Matthew Raggio, James M. Whitaker and William R. Edgar for Plaintiff and Appellant.

Jackson, Turner, Endeman & Mulcare and Ronald J. Mulcare for Defendant and Appellant.

## OPINION

**DRAPER, P. J.**—Both parties appeal. Each limits his appeal to issues concerning interest upon the award.

We find no merit whatever in the state's contention that failure to file a claim with the state bars recovery of any prejudgment interest. Interest is but an incident of the award made to an owner in a condemnation action. The state, and not the owner, initiated this proceeding in

eminent domain, thus seeking a fixing of the award and, obviously, undertaking to pay it when fixed. To require filing of a claim would be to reverse the roles of the parties, and to assume that the action originated in a demand by the owner.

The decision relied upon by the state (*County of San Luis Obispo* v. *Ranchita Cattle Co.*, 16 Cal.App.3d 383 [94 Cal.Rptr. 73]) has no application here. There the owner asserted that the condemner had exceeded the use permitted under a limited right of entry agreement. The asserted trespass occurred before the filing of the action in eminent domain. Obviously, damages for such trespass were independent of the condemnation proceeding, which was not begun until after the trespass occurred. It seems clear that this claim was independent of the condemnation action, was in tort, required a formal claim to the state, and, in any event, was outside the issues in the eminent domain proceeding.

Here, in contrast, the right of entry agreement was broad. It permitted the state to enter upon the land, not to survey, but for the purpose of "constructing or improving a public highway and accomplishing all necessary incidents thereto." It specifically contemplated eminent domain proceedings and provided that they should be commenced within 60 days of demand therefor by the owner. Here no claim is made that the state exceeded the scope of the entry agreed to by the owner. Although the eminent domain proceeding followed the agreement, the agreement clearly contemplated such delay, and it thus cannot be relied upon to establish a claim by the owner distinct from that proceeding.

This agreement provided that "interest shall be paid on the same basis as if an Order for Possession were taken, with interest commencing as of February 1, 1965." (Some five days after the date of the agreement.) This and the provision that February 1, 1965, be the valuation date in the contemplated eminent domain proceeding make clear that the parties treated the entry permitted by the owner as the equivalent of a taking under an order for immediate possession, and gave the agreed entry the same effect.

We perceive, and the state points to, no reason which bars the making of such an agreement by the state. Interest on a condemnation award runs from the date the condemner takes possession or the date "after which the plaintiff may take possession . . . as stated in an order authorizing the plaintiff to take possession." (Code Civ. Proc., § 1255b, subds. (2) and (3).) Here the state, under its agreement, did take possession February 1, 1965, and since it stipulated that the entry agreement should be the equivalent

of an order for immediate possession, interest was likewise due from that date under subdivision (3) above. The current attempt to avoid payment of interest before the date of judgment is in direct conflict with the state's written agreement, and is without logic or support in the law.

The state seeks to bolster its argument as to interest by an assertion that settlement of another condemnation action, relating to property not included in the present action, somehow waived the owner's right to the agreed interest date here. But the right of entry agreement clearly covered the property here in issue. It also covered other land, but the state's filing of the new action itself concedes that the current parcel was not included in the earlier action, and thus was not settled by the agreement as to that distinct property. The state's contention is without merit.

■ Nor can we comprehend or accept the state's assertion that Williams is not entitled to interest because a corporation, and not he, owned the land at the time the action was commenced. Williams' answer alleged his sole ownership of the property, no contrary evidence was introduced at trial, and the trial court found Williams to be the owner. It is true that the land here in issue had been owned by the corporation. Apparently, although there is no evidence on the subject, the corporation was dissolved and Williams, as its sole stockholder, acquired the land. We do not know the date of the transfer. The state's failure to raise the issue at trial precluded any showing by Williams of facts which could show his succession to the corporation's rights under the entry agreement which fixed the interest date, as by assignment. Failure to raise the issue below bars assertion of it on appeal (6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4264-4265).

The owner's contention that he is entitled to attorney's fees is without merit (*County of Los Angeles* v. *Ortiz,* 6 Cal.3d 141 [98 Cal.Rptr. 454, 490 P.2d 1142]).

The judgment is ambiguous in that it awards interest "from the date of taking of possession," without fixing that date. As pointed out above, the parties agreed in writing that the date of taking of possession and the date for commencement of interest was February 1, 1965.

The judgment is modified by striking from line 11, page 1 (Cl. Tr. p. 86) the words "from the date of taking of possession," and substituting therefor the words "from February 1, 1965." As so modified, the judgment

is affirmed. Costs on appeal are awarded to the owner (see *People* ex rel. *Dept. Pub. Wks.* v. *International Tel. & Tel. Corp.,* 26 Cal.App.3d 549 [103 Cal.Rptr. 63]).

Brown (H. C.), J., and Caldecott, J., concurred.