[No. D019826. Fourth Dist., Div. One. Nov. 9, 1995.]

POWAY UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v.
JIH JUNG CHOW et al., Defendants and Respondents.

**COUNSEL**

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, Lewis P. Zollinger and Michael B. Poyner, Deputy County Counsel, for Plaintiff and Appellant.

Rutan & Tucker, Jeffrey M. Oderman and Frank W. Battaile for Defendants and Respondents.

**OPINION**

**WORK, Acting P. J.**—Poway Unified School District (District) appeals a judgment awarding litigation expenses to Jih Jung Chow and related parties (collectively Chow) incurred in a condemnation action where District acquired a middle school site on property owned by Chow. District contends the trial court erred because Chow did not move for litigation expenses "within 30 days after entry of judgment" as required by Code of Civil

Procedure,[1] section 1250.410, subdivision (b). As we shall explain, we conclude the trial court did not abuse its discretion in permitting the belated filing and, in any event, Chow substantially complied with the time limit. In addition, Chow is entitled to litigation expenses incurred on appeal. Accordingly, we affirm the judgment and remand with directions.

## PROCEDURAL BACKGROUND

District filed its complaint in eminent domain on February 7, 1992 and took possession of Chow's property on May 2. On March 10, 1993, District's final offer and Chow's demand were exchanged. Judgment was filed on May 7, and entered on May 14, awarding just compensation for the property acquired and severance damage to the remainder. However, Chow's counsel did not receive a copy of that document until May 17. Before that date, Chow had no knowledge the judgment had been signed. As soon as Chow's counsel received the file-stamped copy of the executed judgment form, he attempted to find the date of entry of judgment from the superior court clerk's office. These efforts were futile. The clerk never mailed notice of entry of judgment in accordance with former section 664.5, subdivision (b). Chow's counsel called District's counsel, Lewis P. Zollinger, on three occasions, leaving a detailed message on Zollinger's voice mail requesting he return the call to discuss matters including Chow's intent to seek recovery of litigation expenses.

On May 24, before Zollinger returned Chow's calls, Chow prepared and served a memorandum of costs and disbursements, which was filed the next day. The memorandum claimed entitlement to recovery of all litigation expenses pursuant to sections 1250.410 and 1268.710.

Zollinger returned Chow's calls on June 1. During the conversation, Zollinger, who by that date had received Chow's cost bill listing the litigation expenses that were being sought, raised no objection to its timeliness or form, but asked that Chow send him documentation to verify the amount of fees and expenses so he could evaluate the reasonableness of the request. However, before Chow's transmittal of the requested documents, Zollinger moved to tax costs on June 7, challenging the litigation expenses. On June 15, Chow filed a motion for award of litigation expenses in the amount of $151,320.13. The court's award of $144,436.34 as Chow's litigation expenses was included in the judgment.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

THE 30-DAY REQUIREMENT BEGINS UPON ENTRY OF JUDGMENT

■ District contends the motion for award of litigation expenses was untimely made. It contends according to section 1250.410, subdivision (b),[2] a defendant must file a motion for litigation expenses within 30 days after entry of judgment. The judgment here was filed on May 7, 1993, and entered on May 14. Thus, the motion for litigation expenses should have been filed on or before June 14. Chow's motion was filed on June 15, one day late. Consequently, District asserts the court erred in considering and awarding Chow's litigation expenses.

Chow contends section 1250.410, subdivision (b) should be interpreted to mean the time for filing a motion for litigation expenses runs from the date *notice* of entry of judgment is mailed or served, not the earlier date the judgment itself is entered. He suggests using the notice of entry date is consistent with other statutes relating to postjudgment calendaring deadlines for matters such as recovery of costs and litigation expenses, motions for new trial, notices of appeal, and would better protect the due process rights of litigants who otherwise may not receive notice their rights are expiring.

■ A court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, the court turns first to the words themselves for the answer. We are required to give effect to statutes according to the usual, ordinary import of the language employed in framing them. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224], citing *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1]; *In re Alpine* (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500].) "[T]he fundamental rule is that resort to extrinsic aids, including statutes *in pari materia*, in the construction of a statute is appropriate only where the statute, taken alone, is ambiguous or unclear." (*Guelfi* v. *Marin County Employees' Retirement Assn.* (1983) 145 Cal.App.3d 297, 307 [193 Cal.Rptr. 343], citing 2A Sutherland, Statutory Construction (3d ed. 1973) Interpretive Relevance of Related Statutes, § 51.01, pp. 287-290.) Unless it can be demonstrated the natural and common import of a statute's language is repugnant to the general purview of the act or for some other compelling reason should be disregarded, the court

---

[2]Section 1250.410, subdivision (b) pertinently provides: "If the court, *on motion of the defendant made within 30 days after entry of judgment*, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses." (Italics added.)

must give effect to the "plain meaning" of the statute. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; *Duty* v. *Abex Corp.* (1989) 214 Cal.App.3d 742, 749 [263 Cal.Rptr. 13].) We assume the Legislature understood what it was saying and intended what it said in the absence of compelling counter-vailing considerations. (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227]; *Duty* v. *Abex Corp.*, *supra*, 214 Cal.App.3d at p. 750.)

■ The Legislature has enacted statutes which expressly provide for filing specific motions, notices or papers before entry of judgment, upon entry of judgment (former § 1033) or upon mailing notice of entry of judgment.[3] Presuming as we must the Legislature intended to do that which it enacted and absent any compelling reason to ignore its express language, the phrase "after entry of judgment" in section 1250.410, subdivision (b) can only be construed as requiring the motion be made within 30 days after entry of judgment, not 30 days from the date notice of entry of judgment is mailed or served. Although this mandate is not couched in words declaring a defendant "must" or "shall" file the motion within 30 days of entry of judgment, the plain meaning of the phrase is that it is a condition precedent to the court ruling on the motion and thus mandatory or the temporal limitations would not have been included. However, we conclude the language does not require a finding the time limitation is jurisdictional.

### CHOW SUBSTANTIALLY COMPLIED WITH THE 30-DAY REQUIREMENT UNDER SECTION 1250.410, SUBDIVISION (b)

Because we conclude a trial court retains discretion under the statute to grant a party leave to file a belated motion for litigation expenses, Chow has substantially complied with its terms and District has not been prejudiced, we affirm the court's exercise of discretion.

---

[3]Section 659 provides:

"The party intending to move for a new trial must file with the clerk . . . either

"1. Before the entry of judgment; or

"2. Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest . . . ."

Section 663a pertinently provides:

"The party intending to make the motion mentioned in the last section must file with the clerk and serve upon . . . either

"1. Before the entry of judgment; or

"2. Within 15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

Although we have found no cases discussing the consequences of an untimely filing under section 1250.410, subdivision (b), there are cases discussing the consequence of untimely filing under section 1250.410, subdivision (a). As discussed above, both subdivisions are stated in mandatory language; however, courts have interpreted and accepted substantial compliance with the 30-day requirement as sufficient under section 1250.410, subdivision (a). In *Community Redevelopment Agency* v. *Krause* (1984) 162 Cal.App.3d 860, 864-865 [209 Cal.Rptr. 1], the court held condemnee's final demand, served 33 days before trial but not filed until 28 days before trial (2 days late), did not prejudice the condemnor, substantially complied with the statute, and was properly considered as a basis for an award of litigation expenses. The court in *Lake County Sanitation Dist.* v. *Schultz* (1978) 85 Cal.App.3d 658, 662 [149 Cal.Rptr. 717], held final demand for compensation made one day late was in substantial compliance with the statutory requirements, where the condemnor did not object to the late filing and was also late with its final offer.

In similar arenas, courts have affirmed and ordered contractual attorney fee awards despite the prevailing party's failure to comply with the statutory requirement of a noticed motion. Where defendants have failed to technically comply with Civil Code section 1717's requirement of notice and motion for attorney fees, but have submitted the issue to the court for decision in the form of a memorandum of costs and disbursements, declaration in support of attorney fees, and supporting points and authorities, the courts have concluded the spirit, if not the letter, of the statutory provision had been complied with. (*Gunlock Corp.* v. *Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1305 [19 Cal.Rptr.2d 197]; *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778, 786 [191 Cal.Rptr. 8, 661 P.2d 1088]; *California Recreation Industries* v. *Kierstead* (1988) 199 Cal.App.3d 203, 209 [244 Cal.Rptr. 632].) Under former section 1033 requiring filing of a memorandum of costs not later than 10 days after entry of judgment, grant of the defendants' motion made 5 days after the statutory time had expired for permission to file a late costs memorandum, due to the press of other matters counsel had inadvertently failed to file timely memorandum, was not an abuse of discretion, absent a showing of prejudice. (*Pollard* v. *Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 380-381 [115 Cal.Rptr. 648, 525 P.2d 88].) Where a cost bill is not timely filed, relief may be given under section 473. (*Davis Lumber Co.* v. *Hubbell* (1955) 137 Cal.App.2d 148, 151 [290 P.2d 33].)

We conclude section 1250.410 does not preclude a court from granting relief under section 473 if there is substantial compliance with the statute and the opposing party is not prejudiced. Here, Chow timely served and filed

the memorandum of costs and disbursements on May 24 and May 25 respectively, which was 10 and 11 days after judgment was entered. District was on notice of Chow's intent to request all litigation expenses he was entitled to under section 1250.410 well before the end of the 30-day period. Indeed, on June 1, when the parties conversed, District requested Chow to send it billing statements so it could determine the amount and reasonableness of attorney fees and expert witness fees. Further, in his declaration supporting his motion, Chow's counsel requested, under penalty of perjury, relief from default under section 473 due to mistake, inadvertence or excusable neglect. Consequently, the trial court did not abuse its discretion in granting Chow's request for relief from default and motion, given he substantially complied with section 1250.410, subdivision (b) and District was formally noticed and has not shown it was prejudiced.

## AN AWARD OF LITIGATION EXPENSES INCURRED ON APPEAL IS WARRANTED

■ Chow requests litigation expenses incurred for this appeal. Section 1268.720[4] provides a defendant is entitled to costs on appeal against plaintiff, regardless whether defendant is the prevailing party, unless the court directs otherwise. Section 1235.140[5] provides for expenses, including not only those reasonably and necessarily incurred in preparing for and during trial, but also those incurred in any subsequent judicial proceedings. (*City of Oakland* v. *Oakland Raiders* (1988) 203 Cal.App.3d 78, 85-86 [249 Cal.Rptr. 606].) Moreover, it has been consistently held the constitutional requirement of "just compensation" for the condemnee means the condemnor must bear the litigation costs of all parties in a condemnation action. In eminent domain proceedings, the property owner, as part of his just compensation, is entitled to receive costs both in the trial court and on appeal. (*Regents of University of California* v. *Morris* (1970) 12 Cal.App.3d 679, 686 [90 Cal.Rptr. 816], disapproved on other grounds in *Ralph's Chrysler-Plymouth* v. *New Car Dealers Policy & Appeals Bd.* (1973) 8 Cal.3d 792, 796-797 [106

[4]Section 1268.720 pertinently provides: "Unless the court otherwise orders, whether or not he is the prevailing party, the defendant in the proceeding shall be allowed his costs on appeal. This section does not apply to an appeal involving issues between defendants."

[5]Section 1235.140 pertinently provides:

" 'Litigation expenses' includes both of the following:

"(a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings.

"(b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendant's interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint."

Cal.Rptr. 169, 505 P.2d 1009].) Condemnation cases are an exception to the ordinary rule that "costs on appeal are awarded to a prevailing party 'as an incident to the judgment on appeal.'" (*People* ex rel. *Dept. Pub. Wks.* v. *International Tel. & Tel. Corp.* (1972) 26 Cal.App.3d 549, 550 [103 Cal.Rptr. 63].) Here, given District's appeal required Chow to defend his judgment, awarding litigation expenses incurred on appeal is only fair and just.

## DISPOSITION

Judgment affirmed and the matter remanded to the trial court to award Chow reasonable litigation expenses and costs incurred on appeal.

Nares, J., and Haller, J., concurred.